■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLEMON RANDOLPH, Appellant.— On this appeal by defendant from a judgment of the County Court, Suffolk County, rendered September 11, 1972, convicting him of criminal possession of a forged instrument in the second degree, upon a jury verdict, and sentencing him to an indeterminate prison term not to exceed seven years, this court on October 23, 1973 (1) remitted. the case to the County Court for a hearing and determination on the issue of whether prior to the trial an undisclosed promise of leniency was extended to a key prosecution witness who had been indicted with defendant and (2) ordered the appeal held in abeyance in the interim (*People* v. *Randolph*, 42 A D 2d 986). By letter of the office of the District Attorney of Suffolk County, dated January 22, 1974, this court has been (1) informed that an investigation has revealed that promises of leniency in fact had been extended to said witness and that, due to an oversight, such information was not conveyed to the Assistant District Attorney who was conducting the trial and (2) requested, under the circumstances, to reverse the judgment and order a new trial, thus obviating the hearing. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial granted. We agree that the judgment must now be reversed and a new trial ordered. Gulotta, P. J., Martuscello, Brennan, Benjamin and Munder, JJ., concur.

■ VINCENT VITALE et al., Respondents, v. LAWRENCE W. SHIELDS, Appellant.— Order of the Supreme Court, Kings County, dated September 5, 1973, affirmed, with $20 costs and disbursements. No opinion. The time within which appellant may answer the complaint is extended until 20 days after entry of the order to be made hereon. Martuscello, Acting P. J., Latham, Shapiro, Benjamin and Munder, JJ., concur.

■ WALTER J. "WAZALEN", Appellant, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, Respondent.— Order of the Appellate Term of the Supreme Court, Second and Eleventh Judicial Districts, dated June 7, 1973, affirmed, without costs. We do not reach the question of whether respondent may limit its liability for loss for simple negligence by filing a provision in its tariff to that effect. Hopkins, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.

■

## (February 28, 1974)

■ In the Matter of ANTHONY FUENTES, Petitioner, v. RAYMOND L. WILKES, as Judge of the County Court of Nassau County, et al., Respondents.— Proceeding under article 78 of the CPLR to compel the County Court, Nassau County, in which court a criminal case against petitioner is pending, to allow him to enter an alibi defense at trial, without complying with the notice of alibi provision of CPL 250.20. Application denied, proceeding dismissed on the merits and stay in order to show cause dated February 15, 1974 vacated, without costs. We decline in advance of trial to pass upon the trial procedure to be adopted. We do not by this disposition necessarily indicate our concurrence with the reasoning of the County Court Judge. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.